FILED

2019 SEP 25 PM 3: 11

[DISTRICT COURT stamp - MIDDLE DISTRICT OF FLORIDA, ORLANDO, FLORIDA]

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 6:19-cr-210-ORL-37DCI

CLARENCE TAREZ THOMAS

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

Beginning on an unknown date, but not later than on or about August 16, 2018, and continuing through on or about November 15, 2018, in the Middle District of Florida, the defendant,

**CLARENCE TAREZ THOMAS,**

did knowingly, willfully, and intentionally conspire with other persons, both known and unknown to the Grand Jury, to distribute and to possess with intent to distribute a controlled substance, which violation involved 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and is therefore punished under 21 U.S.C. §§ 841(b)(1)(B).

All in violation of 21 U.S.C. § 846.

## COUNT TWO

On or about August 22, 2018, in the Middle District of Florida, and elsewhere, the defendant,

**CLARENCE TAREZ THOMAS,**

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which violation involved a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance and is therefore punished under 21 U.S.C. § 841(b)(1)(C).

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

## COUNT THREE

On or about August 29, 2018, in the Middle District of Florida, and elsewhere, the defendant,

**CLARENCE TAREZ THOMAS,**

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which violation involved a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance and is therefore punished under 21 U.S.C. § 841(b)(1)(C).

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

## COUNT FOUR

On or about September 14, 2018, in the Middle District of Florida, and elsewhere, the defendant,

**CLARENCE TAREZ THOMAS,**

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which violation involved a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and is therefore punished under 21 U.S.C. § 841(b)(1)(C).

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

## COUNT FIVE

On or about September 20, 2018, in the Middle District of Florida, and elsewhere, the defendant,

**CLARENCE TAREZ THOMAS,**

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which violation involved a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance and is therefore punished under 21 U.S.C. § 841(b)(1)(C).

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

## **FORFEITURE**

1. The allegations contained in Counts One through Five are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853.

2. Upon conviction of a violation of 21 U.S.C. § 846 or 21 U.S.C. § 841, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a)(1) and (2), any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3. If any of the property described above, as a result of any acts or omissions of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property, which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
E. Jackson Boggs Jr.
Assistant United States Attorney

By: _____
Sara C. Sweeney
Assistant United States Attorney
Deputy Chief, Orlando Division

FORM OBD-34
September 19

No. 

**UNITED STATES DISTRICT COURT**
Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

CLARENCE TAREZ THOMAS

**INDICTMENT**

Violations:  21 U.S.C. § 846
21 U.S.C. § 841(a)(1)

A true bill,

_____
Foreperson

Filed in open court this 25th day of September, 2019.

_____
Clerk

Bail $ _____

GPO 863 525